UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER E. KNIGHT, WAYNE A. KNIGHT, JR.,
MICHAEL D. KNIGHT AND DEBRA KNIGHT                  *

                                                    *    CIVIL ACTION NO. _____
            Plaintiff                               *
                                                    *
VERSUS                                              *    SECTION _____
                                                    *
HUNTINGTON INGALLS, INC. fka AVONDALE               *
INDUSTRIES, INC.; 3M COMPANY; ADVANCE               *
AUTO PARTS, INC., a/k/a ADVANCE STORES CO,          *
INC., Individually and as Successor-In-Interest to  *
DISCOUNT AUTO PARTS, INC. and CARQUEST              *
AUTO PARTS; ANCO INSULATIONS, INC.;                 *
ARCONIC INC., F/K/A ALCOA, INC.; ARMSTRONG          *
PUMPS, INC.; AURORA PUMP COMPANY;                   *
AUTOZONE, INC.; BASF CATALYSTS, LLC,                *
Individually and as Successor-In-Interest to BONDO; *
BORG-WARNER MORSE TEC LLC, as Successor-By-         *
Merger to BORG-WARNER CORPORATION; BWDAC,           *
INC. f/k/a BWD AUTOMOTIVE CORPORATION; CBS          *
CORPORATION (a Delaware Corp., f/k/a VIACOM, INC.   *
successor by merger to CBS CORP., a Pennsylvania Corp. *
f/k/a WESTINGHOUSE ELECTRIC CORPORATION             *
(collectively, "WESTINGHOUSE"); CERTAINTEED         *
CORPORATION; CP CHEM COMPANY LLC f/k/a              *
CHEVRON PHILLIPS CHEMICAL COMPANY LLC;              *
CRANE CO.; CROWN CORK & SEAL USA, INC.;             *
DAP, INC.; DOW CHEMICAL COMPANY; EAGLE              *
INC., f/k/a EAGLE ASBESTOS & PACKING CO. INC.;      *
FAIRBANKS MORSE PUMP CORPORATION; BW/IP,            *
INC.; FLOWSERVE CORPORATION f/k/a THE               *
DURIRON COMPANY, INC.; FLOWSERVE US, INC.,          *
As Successor-In-Interest to DURAMETALLIC            *
CORPORATION; FLOWSERVE U.S., INC., Solely as        *
Successor to ROCKWELL MANUFACTURING                 *
COMPANY, EDWARD VALVES, INC., MCCANNA               *
CORPORATION, and NORDSTROM VALVES, INC.             *
 (Collectively, "ROCKWELL"); FOSTER WHEELER         *
 ENERGY CORPORATION; GENERAL ELECTRIC               *
COMPANY; GEORGIA-PACIFIC, LLC, individually         *

and as successor-in-interest to BESTWALL GYPSUM          *
COMPANY; GOODYEAR TIRE & RUBBER CO.;                     *
GOULD ELECTRONICS, INC., Individually and as             *
Successor-in-Interest to BULLDOG; GOULD PUMPS            *
(IPG), INC.; HONEYWELL INTERNATIONAL, INC.;              *
IMO INDUSTRIES, INC., Individually and as                *
Successor-In-Interest to DELAVAL TURBINE INC.;           *
INDUSTRIAL HOLDINGS CORPORATION f/k/a                    *
CARBORUNDUM COMPANY; INGERSOLL-RAND                      *
COMPANY, individually and as successor-in-interest to    *
TERRY STEAM TURBINE COMPANY;                             *
INTERNATIONAL PAPER COMPANY, Individually               *
and as Successor-in-Interest to U.S. PLYWOOD             *
CORPORATION, CHAMPION INTERNATIONAL                      *
CORPORATION; JOHN CRANE INC.; LINCOLN                    *
 ELECTRIC COMPANY; MUELLER CO. LLC; THE                 *
PEP BOYS-MANNY, MOE, & JACK, INC.; PNEUMO               *
ABEX CORPORATION; ROCKWELL AUTOMATION,                  *
INC., f/k/a ALLEN-BRADLEY COMPANY, INC.,                 *
Individually and Successor-in-Interest to ROSTONE        *
CORPORATION; THE SHERWIN-WILLIAMS                        *
COMPANY; SPECIAL ELECTRIC COMPANY, INC.,                 *
Individually and as Successor in Interest to SPECIAL     *
MATERIALS, INC., SPECIAL SHIPPING, INC., and             *
CALAVERAS MINE; STANDARD MOTOR                           *
PRODUCTS, INC., Successor-in-Interest to PARKER-         *
HANNIFIN CORPORATION, Individually and as Parent,        *
alter ego, Successor-in-Interest and equitable trustee to EIS *
BRAKE PARTS AND CALI-BLOCK; STERLING                     *
FLUID SYSTEMS (USA), LLC fka PEERLESS PUMP              *
COMPANY; TACO, INC.; TAYLOR-SEIDENBACH,                 *
INC.; TRANE US, INC., f/k/a AMERICAN STANDARD           *
INC.; UNION CARBIDE CORPORATION; UNIROYAL,              *
 INC.; VIKING PUMP, INC.; VOLKSWAGEN GROUP              *
OF AMERICA, INC, f/k/a VOLKSWAGEN OF                     *
AMERICA, INC.; WARREN PUMPS, LLC f/k/a                   *
WARREN PUMPS, INC.; WHITNEY AUTOMOTIVE                   *
GROUP, INC., Individually and as Successor-in-Interest    *
to J.C. WHITNEY & CO.; PELLERIN MILNOR                   *
CORPORATION; TEXACO, INC.; ALBERT BOSSIER;              *
UNDERWRITERS AT LLOYD'S, LONDON;                         *
ONEBEACON AMERICA INSURANCE COMPANY                      *
fka COMMERCIAL UNION INSURANCE COMPANY                   *
(collectively, "ONEBEACON"); J.D. ROBERTS;               *
TRAVELERS INDEMNITY COMPANY;                             *
METROPOLITAN LIFE INSURANCE CO.;                         *

LAMORAK INSURANCE COMPANY; WESTERN     *
AUTO SUPPLY CO.     *

Defendants

*******************************************************************************

<u>**NOTICE OF REMOVAL**</u>

**NOW INTO COURT**, through undersigned counsel, come defendants, Huntington

Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship

Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.), Albert L.

Bossier, Jr., and Lamorak Insurance Company,[1] erroneously referred to in the original Petition

for Damages as OneBeacon America Insurance Company f/k/a Commercial Union Insurance

Company, (collectively, "the Avondale Interests") who, pursuant to 28 U.S.C. §§ 1442 and 1446,

notice the removal of the above-entitled action bearing No. 2017-3008 on the docket of the Civil

District Court for the Parish of Orleans, State of Louisiana, (hereinafter the "State Case") to the

United States District Court for the Eastern District of Louisiana.   Because the Avondale

Interests were, at all material times, acting under an officer of the United States, this Court has

subject matter jurisdiction under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.   The

grounds for removal are as follows:

1.

Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it

is the district court for the district where the State Case is pending.

2.

The Avondale Interests are named as defendants in the State Case, which was filed on

---

[1] Lamorak Insurance Company has been sued as the alleged insurer of Avondale's alleged executive officers, Edwin Hartzman, Henry "Zac" Carter and Hettie "Dawes" Eaves.  *See*, Exhibit F, Amended Petition for Damages, at ¶ 1(MM.).

March 30, 2017, by Wayne A. Knight and Jennifer E. Knight.[2]  Wayne A. Knight and Jennifer E. Knight allege that Wayne A. Knight was exposed to asbestos by handling asbestos products for "multiple employers at multiple premises," including doing electrical work at Avondale Shipyard in Bridge City, Louisiana from "1967 to 1982."[3]  Wayne A. Knight and Jennifer E. Knight further allege that these asbestos exposures led to Wayne A. Knight's diagnosis of mesothelioma on February 22, 2017.[4] The Petition, however, does not specifically link any exposure at Avondale to United States Navy or Coast Guard vessels, or Lykes vessels.

3.

Wayne A. Knight was deposed on March 22, March 23, May 8 and May 9, 2017[5].

4.

Mr. Knight testified that he worked on 26 Destroyer Escorts built for the United States Navy during his time at Avondale.[6]  This work brought him into various areas of the ship, including in the engine rooms, where he worked around insulators, welders and pipefitters.[7]  The insulators' work created visible asbestos dust.[8]  Mr. Knight testified that he worked on Destroyer Escorts while they were in the water.[9]

5.

Mr. Knight also testified that he worked on one Coast Guard Cutter during his time at Avondale, and that he worked alongside welders, pipefitters and insulators in various rooms of

---

[2] See, Exhibit A, Petition for Damages.
[3] Id., at ¶3.
[4] Id., at ¶¶ 6, 15.
[5] See, Exhibit C, Deposition of Wayne A. Knight, taken on March 23, 2017.
[6] See, Exhibit B, Deposition of Wayne A. Knight, taken on March 22, 2017, at p. 112; Exhibit D, Deposition of Wayne A. Knight, taken on May 8, 2017, at p. 403; Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at pp. 634-35, 674.
[7] See, Exhibit B, Deposition of Wayne A. Knight, taken on March 22, 2017, at pp. 112-18; Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at pp. 643-47, 744.
[8] See, Exhibit B, Deposition of Wayne A. Knight, taken on March 22, 2017, at pp. 112-17; Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at p. 744.
[9] See, Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at p. 650.

the vessel.[10]   Mr. Knight testified that the work done by insulators on the Coast Guard Cutter created visible dust in his presence.[11]   Mr. Knight also testified that he worked on the Coast Guard Cutter while it was in the water.[12]

6.

Unfortunately, Mr. Knight passed away on June 27, 2017.[13]   On or about November 13, 2017, Mrs. Knight filed an Amended Petition for Damages, amending the original Petition to include a wrongful death claim and a survival action claim in light of Mr. Knight's death.[14]

7.

On March 9, 2018, the Avondale Interests filed a Peremptory Exception of Non-Joinder of Parties Needed for Just Adjudication,[15] seeking dismissal of the suit or, alternatively, that Mr. Knight's three surviving children, Deborah Knight Houston, Wayne A. Knight, Jr., and Michael Knight, be made defendants in the suit as required by La. Code Civ. P. art. 644.[16]

8.

On or about May 4, 2018, Mrs. Knight filed a Second Supplemental and Amended Petition for Damages, naming Wayne A. Knight, Jr. as a plaintiff, naming Western Auto Supply Co. as an additional defendant, and asserting a wrongful death claim and a survival action claim on behalf of Wayne A. Knight, Jr.[17]

---

[10] *See,* Exhibit B, Deposition of Wayne A. Knight, taken on March 22, 2017, at pp. 130-34; Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at pp. 661-65; 744.

[11] *See,* Exhibit B, Deposition of Wayne A. Knight, taken on March 22, 2017, at pp. 135; Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at p. 744.

[12] *See,* Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at pp. 662-63.

[13] *See,* Exhibit F, Amended Petition for Damages, at ¶ 31.

[14] *Id.* at ¶¶ 31-34.

[15] *See,* Exhibit G, Peremptory Exception of Non-Joinder of Parties Needed for Just Adjudication.

[16] Article 644 provides that, "If a party subject to the jurisdiction of the court should join as a plaintiff but refuses or fails to do so, he may be joined as a defendant and required to assert his rights in the action or be precluded thereafter from asserting them."

[17] *See,* Exhibit H, Second Supplemental and Amended Petition for Damages.

9.

On or about  July 11, 2018, Mrs. Knight and Wayne A. Knight, Jr. (collectively, "Plaintiffs"), filed a Motion for Leave to Amend Petition with Incorporated Memorandum in Support, seeking to file a Third Supplemental and Amending Petition for Damages naming Debra Knight Houston and Michael D. Knight as defendants pursuant to La. Code Civ. P. art. 644.[18]

10.

On July 27, 2018, however, the court granted the Avondale Interests' Exception and ordered Plaintiffs to "take all necessary steps to have all surviving children of Wayne A. Knight, including MICHAEL D. KNIGHT and DEBRA KNIGHT HOUSTON, joined as plaintiffs to assert their rights herein, or that they be joined as defendants pursuant to Code of Civil Procedure Article 644, and required to assert their rights in the action . . . ."[19]

11.

On August 30, 2018, Michael Knight and Debra Knight Houston filed a Motion And Incorporated Memorandum For Leave Of Court To File Petition for Intervention, seeking to intervene as of right, asserting that they are the proper parties-in-interest to assert wrongful death and survival claims on behalf of Wayne A. Knight against the Avondale Interests.[20]  In the Petition for Intervention, Michael Knight and Debra Knight Houston (collectively, "Intervenors"), assert strict liability claims against the Avondale Interests, alleging that "At all times pertinent, Northrup Grumman had the *garde* of the asbestos and asbestos-containing products to which decedent, Wayne A. Knight, was exposed to and is thereby strictly liable

---

[18] *See*, Exhibit I, Motion for Leave to Amend Petition with Incorporated Memorandum in Support.
[19] *See*, Exhibit J, Notice of Signing of Judgment, signed on July 27, 2018.
[20] *See*, Exhibit K, Motion And Incorporated Memorandum for Leave Of Court To File Petition for Intervention.

pursuant to Louisiana Code Article 2317."[21]  The Motion was granted on September 11, 2018.[22]

12.

As of the date of filing this Notice of Removal, the Avondale Interests have not been formally served with a copy of the Petition for Intervention.  However, the Avondale Interests received a copy of the Petition for Intervention from counsel for the Intervenors on September 11, 2018.[23]

13.

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of the receipt of the Petition for Intervention on September 11, 2018, which is the first notice that the Avondale Interests had of the strict liability claims against Avondale.

14.

Section 1446(b)(3) provides that, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[24]

15.

Here, the original Petition for Damages did not link Mr. Knight's alleged asbestos exposure to any vessels that Avondale built, refurbished or repaired for the United States government.  Although Mr. Knight testified that he worked aboard Navy Destroyer Escorts and

---

[21] *See,* Exhibit L, Petition for Intervention, at ¶¶ 9-10.
[22] *See,* Exhibit M, Order dated September 11, 2018.
[23] *See,* Exhibit N, September 11, 2018 email from Linda W. Lewis at Martzell, Bickford & Centola, A.P.C., stating that, "Attached is the Motion & Incorporated Memo for Leave Court file Petition for Intervention; Petition for Intervention filed in the above subject mat ter [sic]," with a pdf of the Petition for Intervention, stamped as "Filed" on August 30, 2018, attached.
[24] 28 U.S.C. § 1446(b)(3).

Coast Guard Cutters at Avondale during his depositions in early 2017,[25] the Fifth Circuit has held that negligent failure to warn claims, such as those in the original Petition, the Amended Petition and the Second Amended Petition, do not satisfy the "causal nexus" requirement of the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[26] The Fifth Circuit has, however, held that strict liability claims satisfy the "causal nexus" requirement under § 1442(a)(1).[27] As such, the Avondale Interests first ascertained that this case was removable under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, on September 11, 2018, when the Avondale Interests received a copy of the Petition for Intervention containing the strict liability allegations against Avondale.

16.

Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of the receipt by the Avondale Interests of the Petition for Intervention.

17.

The Avondale Interests are individuals or corporations and are therefore "persons" within the meaning of the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[28]

18.

United States Navy Destroyer Escorts and United States Coast Guard Cutters were constructed at Avondale Shipyard during Mr. Knight's employment pursuant to contracts

---

[25] *See*, Exhibits B, C, D and E.
[26] *See*, *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018); *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017); *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016).
[27] *See, Savoie*, 817 F.3d 457.
[28] *See, Savoie*, 817 F.3d at 461 ("[T]he Supreme Court has long recognized that the [federal officer] removal statute also applies to private persons and corporate entities who lawfully assist the federal officer in the performance of his official duty.") (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151 (2007) (internal quotation marks omitted)).

executed between Avondale and the United States government.  As such, Avondale was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts and the Coast Guard Cutters because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform, namely, to build ships "used to help conduct a war" and to further other national interests.[29]  If Wayne A. Knight was exposed to asbestos at Avondale's facility aboard Destroyer Escorts and Coast Guard Cutters, the use of asbestos-containing materials at that facility was required and controlled by officers of the United States.

19.

The strict liability claims against the Avondale Interests in this action establish a "causal nexus" between its actions performed under color of federal office and the actions complained of by the Plaintiffs and Intervenors, within the meaning of 28 U.S.C. § 1442(a)(1).  This is because the strict liability claims against the Avondale Interests are based on Mr. Knight's alleged direct occupational exposure to asbestos contamination that was generated by Avondale's construction of federal vessels in compliance with the terms and specifications of its contracts with the United States Navy and United States Coast Guard.[30]

20.

Plaintiffs allege, in their original Petition, the Amended Petition and the Second Amended Petition, that Wayne A. Knight was diagnosed with mesothelioma on February 22, 2017 as a result of exposure to asbestos-containing products while employed at Avondale

---

[29] *Watson,* 551 U.S. at 153-54; *See*, *Zeringue*, 846 F.3d at 792 (finding persuasive the reasoning of *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. Appx. 710, 713 (5th Cir. 2015), where, "The court noted that the mere fact that the federal government would have had to build those ships had [the defendant] not done so satisfied this [acting under] requirement.") (internal quotation marks omitted).

[30] *See*, *Savoie*, 817 F.3d at 462-66 ("That causal relationship also exists here between the government's requirements that the shipyard use asbestos in constructing its Navy and Coast Guard vessels and Savoie's asbestos exposure while working on those same vessels…. This is enough to show a causal nexus between the Savoies' strict liability claims and the shipyard's actions under the color of federal authority.")

between 1967 and 1982.  Mr. Knight testified by deposition that during his employment at Avondale, he worked aboard—and was exposed to asbestos in—vessels built and/or refurbished by Avondale for the U.S. Navy and the Coast Guard, including 26 Destroyer Escorts and one Coast Guard Cutter.  The use and installation of asbestos-containing materials in the construction of those federal vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy and the U.S. Coast Guard. Avondale was obligated to comply with those contractual provisions and design specifications, and the federal government exercised supervision over the process to ensure such compliance.[31]

21.

Additionally, during the period of Wayne A. Knight's alleged exposure, the Destroyer Escorts constructed at Avondale pursuant to contracts executed between Avondale (on the one hand) and the United States government (on the other hand) constituted a substantial amount of the construction work performed at Avondale Shipyard requiring the installation of asbestos-containing materials.

22.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard federal vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy and the U.S. Coast Guard.

23.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of federal vessels were the supplies required by the contracts and

---

[31] *See, In re Commonwealth's Motion to Appoint Counsel,* 790 F.3d 457, 471-72 (3d Cir. 2015).

specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of federal vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could have demanded that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

24.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

25.

Extensive Dock Trials, Builder's Trials, and Sea Trials on federal vessels were performed by representatives of the United Sates government prior to the commission of each federal vessel to ensure conformity with the design specifications mandated by the United States government.

26.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healy Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during federal vessel construction. The United States government safety inspectors specifically monitored and

enforced these safety regulations as well as the construction of the federal vessels on a day-to-day and job-specific basis

27.

The Avondale Interests assert two colorable federal defenses to Plaintiffs' claims in this action: (1) one or more of the Plaintiffs' claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and its progeny; and (2) one or more of Plaintiffs' claims is pre-empted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*

28.

The reasonably precise design specifications established by the U.S. Navy and the U.S. Coast Guard mandated the installation of asbestos and asbestos-containing products on federal vessels.  The federal vessels conformed to the specifications mandated by the U.S. Navy and the U.S. Coast Guard—the specifications mandated the use of asbestos and Avondale built the federal vessels using asbestos.  At all material times, the federal government, specifically including the U.S. Navy and the U.S. Coast Guard, had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to, or superior to, that of Avondale.

29.

Further, Plaintiffs and Intervenors allege that Wayne A. Knight contracted mesothelioma and died as a result of occupational exposure to asbestos in the course and scope of his

employment at Avondale Shipyard.[32]  According to Mr. Knight's deposition testimony, his work at Avondale included electrical work performed in close proximity to insulators, welders and pipefitters, who installed and/or removed insulation on federal vessels undergoing construction while lying afloat in the Mississippi River.[33]  As such, Mr. Knight's alleged asbestos exposures at Avondale Shipyard are covered by the LHWCA.[34]

30.

In the original Petition, the Amended Petition, the Second Amended Petition and the Petition for Intervention, Plaintiffs and Intervenors attempt to disclaim federal subject matter jurisdiction by alleging the following:

7.

Petitioners disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave.  Petitioners also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government. . . .

8.

The federal courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Louisiana Defendant. Removal is improper. Every claim arising under the federal constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave or of any officer of the United States or any agency or person acting under him occurring under color of such office). No

---

[32] *See*, Exhibit A, Petition for Damages, at ¶¶ 2, 13; Exhibit F, Amended Petition for Damages, at ¶¶ 2, 13, 31; Exhibit H, Second Supplemental and Amended Petition for Damages, ¶¶ 9, 31; Exhibit L, Petition for Intervention, at Introductory Paragraph and ¶¶ 5-12.

[33] *See*, Exhibit E, Deposition of Wayne A. Knight, taken on May 9, 2017, at pp. 650, 662-63.

[34] *See*, *Ingalls Shipbuilding Corp., Div. of Litton Sys. v. Morgan*, 551 F.2d 61, 62 (5th Cir. 1977) (per curiam) (workers engaged in shipbuilding at shipyard located adjacent to a navigable water of the United States satisfy 1972 amendments to LHWCA's status and situs test); *Calbeck v. Travelers Ins. Co*., 370 U.S. 114, 119 (1962) (pre-1972 LHWCA covered Avondale employee injured on vessels undergoing construction in Mississippi River).

claim of admiralty or maritime law is raised. Petitioner sues no foreign state or agency. [35]

31.

Such jurisdictional disclaimers are unenforceable for at least two reasons. First, disclaimers tracking the language of 28 U.S.C. § 1442(a)(1) are considered "'circular' because their applicability depends on a determination of the core question [whether the plaintiff's injury was caused by or relates to a directive by a federal officer] in a given case . . . . 'The problem with this argument is that [] defendants have the right to have this question decided in federal court.'"[36]  As a result, "asbestos plaintiffs' attempts at artful pleading to circumvent federal officer removal by the use of jurisdictional disclaimers have generally failed."[37]  Second, "[b]ecause the claim giving rise to federal jurisdiction is ordinarily a state-law claim that only assumes a federal character when the defendant invokes a colorable federal defense, neither the court nor the parties can identify and exclude at the outset of the case those claims that might ultimately give rise to federal jurisdiction."[38]

32.

Removal under 28 U.S.C. § 1442 does not require the consent of any served defendant.[39]

33.

Because this Court has federal subject matter jurisdiction over at least one claim asserted by the Plaintiffs and Intervenors, it has supplemental jurisdiction over all of the claims asserted

---

[35] *See*, Exhibit A, Petition for Damages, at ¶¶ 7-8; Exhibit F, Amended Petition for Damages, at ¶¶ 7-8; Exhibit L, Petition for Intervention, at ¶¶ 5, 13.
[36] *Dougherty v. A O Smith Corp.,* Civ. A. No. 13-1972-SLR-SRF, 2014 WL 3542243, at *5 n.4 (D. Del. July 16, 2014), *report and recommendation adopted sub nom. Dougherty v. A.O. Smith Corp.*, Civ. A. No. 13-1972-SLR-SRF, 2014 WL 4447293 (D. Del. Sept. 8, 2014) (quoting *Marley v. Elliott Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1274 (S.D. Fla. 2008)).
[37] *Dougherty,* Civ. A. No. 13-1972-SLR-SRF, 2014 WL 3542243, at *5 (citing cases).
[38] *Joyner v. A.C. & R. Insulation Co.*, Civ. A. No. CCB-12-2294, 2013 WL 2460537, at *4 (D. Md. June 6, 2013) (*Joyner II*), *aff'd sub nom. Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014), *also aff'g Joyner v. A.C. & R. Insulation Co.*, Civ. A. No. CCB-12-2294, 2013 WL 877125 (*Joyner I*) (D. Md. Mar. 7, 2013).
[39] *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir.1981).

by the Plaintiffs and Intervenors.[40]

34.

With this Notice of Removal, the Avondale Interests will comply with the clerk's directive to provide a "copy of all process, pleadings, and orders served upon" them in the State Case, in accordance with 28 U.S.C. § 1446(a).  In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, the Avondale Interests hereby give notice that the proceeding bearing number No. 2017-3008 in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/S/ David M. Melancon*
GUS A. FRITCHIE III (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
EDWARD W. TRAPOLIN (#27667)
KEVIN POWELL (#25324)
FRANCES M. MONTEGUT (#33288)
ALEX T. ROBERTSON (#37285)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
***Attorneys for Albert L. Bossier, Jr.***

---

[40] *See,* 28 U.S.C. § 1367(a); *Savoie v. Huntington Ingalls, Inc.,* 817 F.3d 457, 463 (5th Cir. 2016).

*~and~*

*/S/ Edwin A. Ellinghausen*
BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (#26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
PATRICK K. SHOCKEY (#36021)
RHONDA J. GOODE-DOUGLAS (#28054)
JASMINE N. BROWN (#37053)
**BLUE WILLIAMS, LLP**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
*Counsel for Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.)*

*~and~*

*/S/ Samuel M. Rosamond*
SAMUEL M.  ROSAMOND, III (#17122)
srosamond@twpdlaw.com
ADAM D. deMAHY (#29826)
ademahy@twpdlaw.com
TRAVIS L. SIMMONS (#37875)
tsimmons@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE**
1515 Poydras Street, Suite 1900
New Orleans, Louisiana  70112
Telephone:  (504) 525-9888
Facsimile:  (504) 525-9899
*Counsel for Lamorak Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 10th day of October, 2018.

*/S/ David M. Melancon*