**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JENNIFER E. KNIGHT, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9421** |
| **HUNTINGTON INGALLS INCORPORATED, ET. AL.** | **SECTION: "B"(4)** |

**ORDER AND REASONS**

Before the Court are plaintiffs Jennifer Knight and Wayne Knight's Motion to Sever Claims and Remand (Rec. Doc. 33) and defendants Huntington Ingalls Incorporated, Albert L. Bossier, Jr., and Lamorak Insurance Company's ("Avondale Interests" or "Defendants") Memorandum in Opposition (Rec. Doc. 65). Accordingly,

**IT IS ORDERED** that the motion to sever and remand is **DISMISSED WITHOUT PREJUDICE** to allow further discovery and consideration of possible summary judgment motions.

Also before the Court are petitioners-in-intervention Michael Knight and Debra Knight Houston's ("Intervenors") Motion to Remand or, in the Alternative, for Abstention (Rec. Doc. 36) and defendants Huntington Ingalls Incorporated, Albert L. Bossier, Jr., and Lamorak Insurance Company's ("Avondale Interests" or "Defendants") Memorandum in Opposition (Rec. Doc. 59). Accordingly,

**IT IS ORDERED** that the motion to remand or for abstention is **DISMISSED WITHOUT PREJUDICE** to allow further discovery and consideration of posssible summary judgment motions.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs are relatives of decedent, of Wayne A. Knight. *See* Rec. Doc. 33-1 at 2. Specifically, Jennifer Knight is the surviving spouse of Wayne A. Knight. *See id*. Wayne Knight is a surviving child of Wayne A. Knight. *See id*. Petitioners-in-Intervention, Michael Knight and Debra Knight Houston are also surviving children of Wayne A. Knight. *See id*. Plaintiffs filed suit against defendants and others on March 30, 2017 in state court. *See* Rec. Doc. 65 at 9; *see also* Rec. Doc. 33-1 at 2. Plaintiffs allege that Wayne A. Knight was diagnosed with mesothelioma as a result of exposure to asbestos during his employment at Avondale Shipyard from 1967 to 1982. *See* Rec. Doc. 65 at 9. Petitioners-in-Intervention filed a petition on August 30, 2018. *See* Rec. Doc. 33-1 at 2. Defendants filed a notice of removal on October 10, 2018. *See id*.

On November 9, 2018, plaintiffs filed a motion to sever claims and remand. *See* Rec. Doc. 33. On December 14, 2018, defendants filed a memorandum in opposition. *See* Rec. Doc. 65.

On November 9, 2018, intervenors filed a motion to remand or, in the alternative, abstain. *See* Rec. Doc. 36. On December 7, 2018, defendants filed a memorandum in opposition. *See* Rec. Doc. 59.

**LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction. *See Orlean Shoring, LLC v. Patterson*, 2011 U.S. Dist. LEXIS 36105 *1, *6 (E.D. La. 2011). A federal district court also has jurisdiction over a removed action if it is a civil action that is commenced in a State court and against the United States or any agency thereof in an official or individual capacity, for or relating to any act under color of such office. *See* 28 U.S.C. § 1442(a)(1). The removing party has the burden to establish the existence of jurisdiction. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

In any civil action of which a district court has original jurisdiction, it shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id*.

In addition to having discretion to exercise supplemental jurisdiction, a district court also has discretion to stay federal actions where there is a parallel suit pending in state court and exceptional circumstances exist. *See Colorado River Water Conservation Dist. v. United Sates*, 96 S. Ct 1236 (1976). To establish whether exceptional circumstances exist, a court must analyze six factors:(1) assumption by either court of jurisdiction over *a re;* (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Stewart v. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

Pursuant to 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute, removal is proper if a defendant can establish four elements. *See Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018)(stating that federal officer removal is unlike other removal doctrines because it is not narrow or limited). Specifically, a removing defendant must show: (1) that it is a person within the meaning of the statute; (2) that it has a colorable federal defense; (3) that it acted pursuant to a federal officer's directions; and (4) that a causal nexus exists between its actions under color of federal office and the

plaintiff’s claims. *See id*. There is no dispute as to the first element as both parties agree Avondale is a person within the meaning of the statute. *See* Rec. Doc. 33-1 at 5; Rec. Doc. 65 at 20.

Defendants argues this case was properly removed under the Federal Officer Removal Statute. *See* Rec. Doc. 65 at 18. Arguably, Avondale meets each of the four requisite elements. Specifcally, plaintiff concedes that the first element is met; Avondale believes it has colorable federal defenses under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and the Longshore and Harbor Workers’ Compensation Act; that it acted under the color of federal office when building federal vessels; and intervenors’ strict liability claim satisfies the causal nexus requirement. *See id*. at 20-40.

In regard to severance, defendants argue there is no legal basis to do so. *See id*. at 14. Defendants contend that the Court should exercise supplemental jurisdiction over all claims asserted by plaintiffs and Intervenors. *See id*. at 40. It submits that it is in the best interest of judicial efficiency. *See id*. at 42.

Plaintiffs argue that Avondale’s removal under the the Federal Officer Removal Statute was improper because, in part, the statute is inapplicable to the state law claims. *See* Rec. Doc. 33-1 at 4. Alternatively, plaintiffs argue Avondale only meets the first element. *See id*. at 5. As to the other three elements,

respectively, plaintiffs contend Avondale cannot show a unique federal interest; cannot present any evidence the Navy limited Avondale's actions in implementing control to reduce exposure to asbestos; or prove a casual nexus between Wayne A. Knight's injuries and Avondale's failure to warn. *See id*. at 8, 9-11, 14. Plaintiffs ask the Court to sever their claims because they sound completely in state law negligence but fail to analyze relevant substantive law. *See* Rec. Doc. 33; *see also E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 561 (E. D. La. 2013)(stating that motions to sever are governed by Federal Rule of Civil Procedure 21). Plaintiffs ask the Court to decline to exercise supplemental jurisdiction over the claims here because plaintiffs' state law claims substantially predominate over intervenors' single strict liability claim. *See* Rec. Doc. 33-1 at 16. Plaintiffs blatantly state they took action to avoid litigation in this forum. *See id*. at 19.

Despite plaintiffs contention against pursuit of strict liability claims, the Court finds that their pleadings indicate otherwise. There does not appear to be any effort by plaintiffs to formally dismiss or otherwise affirmatively waive rights in that regards, and we are not suggesting any. At this juncture, it appears premature on the present record to find basis for severance or remand. Plaintiff's motion to sever claims and remand is therefore dismissed without prejudice.

In regard to abstention, defendants argue that intervenors offer a broad pre-removal disclaimer that cannot defeat their basis for removal. *See* Rec. Doc. 59 at 34-37 citing to *Siders v. 20th Century Glove Corp. of Texas*, No. 15-13278, 2016 WL 1733473, at *4 (S.D. W. VA. 2016). Intervenors' strict liability claims are clearly expressed in their Petition and support removal. *See id*. at 40-42 citing to *Melancon v. Lamorak Ins. Co.*, No. 18-30113, 2018 WL 36125434, at *2 (5th Cir. 2018). Because Avondale removed the entire case, there is no longer a state court action pending, eliminating the possibility of a parallel suit. Therefore, the Colorado River Abstention Doctrine appears inapplicable here.

Intervenors argue they disclaimed any cause of action or recovery for injuries resulting from exposure to asbestos dust caused by a party under direction of an officer of the United States. *See* Rec. Doc. 36-1 at 3. Accordingly, they seek remand. *See id*. Intervenors rely mainly on *Wilde v. Huntington Ingalls*, 616 F. App'x 710, 715 (5th Cir. 2015) which recognizes post-removal disclaimers.

Intervenors contend that without the disclaimer, their allegations do not support federal officer removal. *See id*. at 6. They argue Avondale failed to use asbestos safely, causing a defective condition at its shipyard. *See id*. at 7. They argue against a causal nexus between Avondale's handling of asbestos and Wayne A. Knight's contraction of mesothelioma, which is the fourth

element necessary to establish proper removal under the Federal Officer Removal Statute. *See id*. at 8.

In the alternative, intervenors seek remand and abstention because they share an indivisible interest with plaintiffs in the survival action. They conclude the existence of exceptional circumstances as two of the six Colorado River factors weigh in favor of abstention. *See id*. at 8-11; *see also Colorado*, 96 S. Ct at 1236; *Stewart*, 438 F.3d at 491.

As found above, remand and severance do not appear warranted at this stage on the present record. For similar reasons, abstention at this stage is unwarranted. Intervenors' motion to remand, or in the alternative, for abstention is dismissed without prejudice. Further discovery and consideration of possible summary judgment motions would allow parties to build a better record for later consideration of above issues.

New Orleans, Louisiana, this 30th day of May, 2019.

SENIOR UNITED STATES DISTRICT JUDGE